72 F.3d 129
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Hendri C. GRAHAM, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1103.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and McKEAGUE, District Judge.*
 
 ORDER
 
 2
 Hendri C. Graham, a pro se federal prisoner, appeals a district court judgment denying his motion for relief from judgment, which was construed by the district court as seeking further review of his earlier motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Graham of conspiracy to distribute and to possess with intent to distribute cocaine base. He was sentenced on May 10, 1991, to 324 months in prison and five years of supervised release. Graham presented two sentencing issues on appeal, which a panel of this court rejected in an unpublished opinion. United States v. Tyler, Nos. 91-1584, etc. (6th Cir. May 11, 1993) (per curiam), cert. denied, 114 S.Ct. 271 (1993). Graham shortly thereafter filed a motion to vacate his sentence pursuant to Sec. 2255, arguing only that the Sentencing Guidelines unconstitutionally deprived the district court of its discretion in sentencing. The district court denied this motion in an order filed on April 7, 1994.
 
 
 4
 Graham next submitted a motion to set aside that order citing Fed.R.Civ.P. 60(b). In this motion, Graham presented three grounds for relief: (1) the prosecutor committed misconduct by knowingly using perjured testimony before the grand jury, (2) the government misled the grand jury into indicting him for conspiracy to distribute cocaine base without the proper scientific basis, and (3) his sentence for conspiracy to distribute cocaine base was unconstitutional. As cause for his failure to raise these claims on direct appeal or in his original Sec. 2255 motion, Graham asserted ineffective assistance of counsel.
 
 
 5
 In an order filed on November 28, 1994, the district court denied Graham's latest motion. Noting that Graham essentially sought further review of his earlier motion to vacate, the court declined to decide the question of whether the procedure chosen was appropriate. The district court then denied the motion on the merits after finding that Graham's prosecutorial misconduct claim was unsupported and that the enhanced penalty for offenses involving crack cocaine had been previously upheld. A separate judgment was entered on January 18, 1995.
 
 
 6
 On appeal, Graham continues to argue that he was denied due process because a witness' grand jury testimony contradicted his trial testimony, and that the government misled the grand jury into indicting him for cocaine base. In addition, Graham argues that the district court erred by not granting his request for an evidentiary hearing.
 
 
 7
 Upon review, we affirm the district court's judgment because the district court did not abuse its discretion in denying Graham's motion for relief from judgment, because Graham's motion construed as brought under Sec. 2255 constitutes an abuse of the writ, and because Graham's grounds for relief are meritless for the reasons stated by the district court.
 
 
 8
 Initially, we note that Graham has not raised his sentencing issue on appeal. It is, therefore, considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 9
 The district court construed Graham's latest pleading as seeking further review of his earlier motion to vacate. However, because it was not served within ten days of entry of the order denying the motion to vacate, it cannot be considered a motion for reconsideration under Fed.R.Civ.P. 59(e). See Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 n. 3 (5th Cir.1991) (per curiam) (motion served within ten days is treated as a Fed.R.Civ.P. 59(e) motion, and motion served outside that period is treated as a Fed.R.Civ.P. 60(b) motion). The denial of a Rule 60(b) motion is reviewed for abuse of discretion. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993); McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991). There was no abuse of discretion in this case.
 
 
 10
 In fact, although purporting to seek relief under Rule 60(b), Graham's motion is more appropriately characterized as a second attempt to obtain collateral relief under Sec. 2255. In order to obtain relief under Sec. 2255, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). Graham recognized that he was in danger of having this motion rejected as successive or, more accurately, as an abuse of the writ. Because Graham alleged new and different grounds that were available at the time he filed his original Sec. 2255 motion, Graham's concern was justified and this motion could have been dismissed under Rule 9(b), Rules Governing Section 2255 Proceedings. See McCleskey v. Zant, 499 U.S. 467, 489 (1991).
 
 
 11
 Moreover, the issues raised were available at the time Graham filed his direct appeal. Before a federal prisoner may obtain collateral review of issues not previously raised on direct appeal, he must first show cause to excuse his failure to do so and actual prejudice resulting from the alleged violations. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). As cause, Graham offers the conclusory opinion that he received ineffective assistance of counsel. This unsupported assertion is clearly insufficient to establish cause in this case. Nevertheless, the district court chose to address the merits of the issues presented and correctly concluded that Graham was not entitled to relief.
 
 
 12
 Finally, the district court did not err by not conducting an evidentiary hearing because the files and records of this case conclusively show that Graham is not entitled to relief. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation