**Hendri Charles GRAHAM,**
**Petitioner–Appellant,**

v.

**Linda SANDERS, Respondent–Appellee.**

No. 02–6491.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2003.

Hendri Charles Graham, pro se, Ashland, KY, for Petitioner–Appellant.

Before: GIBBONS and SUTTON, Circuit Judges; and TARNOW, District Judge.*

### ORDER

Hendri Charles Graham, a federal prisoner incarcerated at the Federal Correctional Institute at Ashland, Kentucky, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, a jury convicted Graham of conspiracy to distribute and to possess with intent to distribute cocaine base. The United States District Court for the Eastern District of Michigan sentenced him to 324 months in prison and five years of supervised release. This court affirmed his conviction and sentence on direct appeal. *United States v. Tyler*, Nos. 91–1584/1918/1585/1590, 1993 WL 152069 (6th Cir. May 11, 1993) (unpublished). Graham filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion in April 1994, and Graham filed a motion to set aside that order. The court denied the motion and Graham appealed. A panel of this court affirmed the district court's decision. *Graham v. United States*, No. 95–1103, 1995 WL 712768, *1 (6th Cir. Dec.1, 1995) (unpublished). In November 2001, Graham filed a motion for authorization to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244. This court denied the motion.

Graham filed his § 2241 petition in the United States District Court for the Eastern District of Kentucky in October 2002. He raised three claims: (1) the evidence was insufficient to sustain a conviction for conspiracy to distribute a controlled substance; (2) the grand jury failed to set forth the quantity of controlled substance in the indictment; and (3) the general verdict returned by the jury requires a sentence for the drug carrying the lowest penalty. The district court denied the petition summarily. The court held that Graham had not shown that his remedy under § 2255 was inadequate or ineffective.

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

On appeal, Graham argues that: (1) he is actually innocent of the first charge in the indictment; and (2) the general verdict did not show clear and convincing evidence that no reasonable juror would have found Graham eligible for twenty-seven years under the applicable federal law. He has also moved for in forma pauperis status on appeal.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Graham's petition. A federal prisoner may challenge his conviction and sentence under § 2241, instead of § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles,* 180 F.3d at 755–56. For example, a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *Martin v. Perez,* 319 F.3d 799, 804 (6th Cir.2003); *Charles,* 180 F.3d at 757. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Graham did not meet his burden. First, Graham's claim that the evidence was insufficient to convict him could have been raised on direct appeal or in his § 2255 motion. The remedy under § 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under § 2255, the petitioner has been denied permission to file a second or successive motion to vacate, the petitioner is procedurally barred from pursuing relief under § 2255, or the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58.

Second, none of Graham's claims involve an intervening change in the law that establishes his actual innocence. His first claim attacked the sufficiency of the evidence and did not rely on a change in the law. Graham's second and third claims rely on *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* claims cannot be brought under § 2241. *Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir.2003).

For the foregoing reasons, we grant Graham in forma pauperis status for the limited purpose of deciding this appeal and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.