68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Quenton BURT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1288.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1995.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges, and JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 Quenton Burt appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, a jury convicted Burt of conspiracy to possess with intent to distribute 15 kilograms of cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846, aiding and abetting the use and carrying of machine guns during drug trafficking in violation of 18 U.S.C. Secs. 2 and 924(c), using and carrying non-machine gun firearms during drug trafficking in violation of 18 U.S.C. Sec. 924(c), aiding and abetting the unlawful possession of unregistered machine guns in violation of 26 U.S.C. Sec. 5861(d) and 18 U.S.C. Sec. 2, and being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Prior to sentencing, the district court vacated Burt's conviction on the Sec. 924(c) count which did not involve machine guns. The court then sentenced Burt to a total of 495 months of imprisonment. This court affirmed Burt's convictions on direct appeal. United States v. Sims, 975 F.2d 1225 (6th Cir.1992), cert. denied, 113 S.Ct. 1315 (1993).
 
 
 4
 In November 1992, Burt joined two of his co-defendants in filing a motion to vacate sentence under 28 U.S.C. Sec. 2255. Prior to the disposition of this motion, Burt filed a second Sec. 2255 motion. In November 1993, the district court denied both motions. Burt did not appeal the denial of these motions.
 
 
 5
 In January 1995, Burt filed the present motion to vacate sentence, alleging that: (1) he received ineffective assistance of counsel because counsel did not properly investigate his case and did not ask for a severance; (2) juror misconduct occurred during the trial; (3) insufficient evidence existed to convict him of conspiracy and of the remaining Sec. 924(c) firearms count; (4) the prosecution committed misconduct during the trial; and (5) the district court improperly calculated the amount of drugs used in determining his relevant conduct. Without requiring a response from the government, the district court concluded that Burt's claims were without merit and denied the motion. Burt has filed a timely appeal, in which he requests the appointment of counsel and release on bond pending appeal.
 
 
 6
 Upon review, we conclude that the district court properly denied Burt's motion to vacate sentence. In order to obtain habeas relief under Sec. 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 7
 Initially, we note that, with the exception of his ineffective assistance of counsel claim that counsel did not properly investigate his case, Burt is barred from seeking relief on his claims because he did not raise them on direct appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under Sec. 2255 unless Burt demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). This is so because the failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Burt has not shown cause to excuse his failure to raise these claims on direct appeal and he suffered no prejudice because his claims are meritless.
 
 
 8
 Burt did not receive ineffective assistance of counsel because he was not prejudiced by any alleged error of his counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). No evidence exists of juror misconduct depriving Burt of a fair and impartial trial. Clemmons v. Sowders, 34 F.3d 352, 355 (6th Cir.1994). Sufficient evidence exists to support his convictions. Jackson v. Virginia, 443 U.S. 307, 324 (1979). The prosecutor did not commit misconduct so egregious as to deny Burt a fundamentally fair trial. Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974). Lastly, the district court properly attributed fifteen kilograms of cocaine to Burt in determining his relevant conduct under the Sentencing Guidelines. See United States v. Obiukwu, 17 F.3d 816, 821-22 (6th Cir.1994) (per curiam).
 
 
 9
 Accordingly, we deny Burt's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit. Further, Burt's request for release on bond pending appeal is denied as moot.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation