George CHAMBERS, Appellant,

v.

Donald ROMINE, Warden.

No. 01–3260.

United States Court of Appeals,
Third Circuit.

Submitted April 25, 2002.

Decided May 6, 2002.

Before BECKER, Chief Judge,
SCIRICA, and RENDELL, Circuit
Judges.

OPINION

BECKER, Chief Judge.

Appellant George Chambers was convicted by a jury in the District Court for the Eastern District of Virginia of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and 18 U.S.C. § 2, and possession with intent to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. § 841. He was sentenced to life imprisonment. On appeal, the Court of Appeals for the Fourth Circuit affirmed. *United States v. Chambers*, 96 F.3d 1439 (4th Cir.1996) (Table).

Chambers moved to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Virginia (Case No. 97–cv–753), but that motion was denied by the District Court, finding that it was not filed within the time limits set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110

Stat. 1214 (codified at 28 U.S.C. § 2255), and that at all events, Chambers' substantive claims were without merit. Chambers filed a notice of appeal from the denial of the § 2255 motion and a motion for a certificate of appealability; however, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Chambers*, 173 F.3d 852 (4th Cir.1999) (Table). Chambers' petition for rehearing was denied and the United States Supreme Court denied his petition for a writ of certiorari.

Chambers is presently an inmate at the United States Penitentiary at Lewisburg, in the Middle District of Pennsylvania. He filed the present habeas petition under 28 U.S.C. § 2241. Chambers challenges his conviction and sentence as being contrary to the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The District Court denied Chambers' petition, holding that the appropriate vehicle to assert an argument that *Apprendi* applies retroactively is an application to the Fourth Circuit for leave to file a second or successive § 2255 application. Chambers then moved to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and/or 60(b), relying on the Supreme Court's decision in *Tyler v. Cain*, 533 U.S. 656, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). The District Court construed the motion as one for reconsideration and denied the motion, holding that the case law presented by Chambers actually bolstered the Court's prior holding that it should not entertain Chambers' *Apprendi*-based habeas claims. This appeal followed, and we affirm.

■ The law is clear that to seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are required to bring their collateral attacks challenging the validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.

§ 2255, with the court that imposed the conviction. *See* 28 U.S.C. § 2255. Concomitantly, they may not bring suit against the custodian (usually in another District) under 28 U.S.C. § 2241. *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir.1997). Indeed, § 2255 motions are the presumptive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. *Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). The only exception is when § 2255 proves "inadequate or ineffective" to test the legality of detention. 28 U.S.C. § 2255; *Davis,* 417 U.S. at 343; *Dorsainvil,* 119 F.3d at 251.

Chambers, however is unable to bring himself within the exception to § 2255. As we explained in *Cradle v. United States:*

> Section 2255 is not "inadequate or ineffective" merely because the sentencing court is disinclined to grant relief (either because it finds the claim raised to be without merit or because the one-year statute of limitations has expired), or because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

290 F.3d 536, 539 (3d Cir.2002). Thus, the mere fact that Chambers may have missed the AEDPA one-year filing deadline, or run afoul of 28 U.S.C. § 2244 (relating to "second or successive [habeas] applications") does not enable him to utilize § 2241.

■ Neither can Chambers bring himself within the rule of *Dorsainvil* itself. There the defendant sought to challenge his conviction under 18 U.S.C. § 924(c), after the Supreme Court in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), limited the circumstances under which a person could be convicted of that offense. We held that he

could not raise his *Bailey* issue in a successive § 2255 petition given the statutory limitations on successive § 2255 petitions. However, that left Dorsainvil in a unique position in which he may well have been convicted for conduct that was not criminal and yet have no § 2255 remedy. 119 F.3d at 251. Attempting an analogy, Chambers claims that because he cannot raise his *Apprendi* claim in a successive § 2255 motion, he can challenge his convictions and sentence in a habeas petition. *Apprendi*, however, does not make the conduct that Chambers was convicted of, previously thought criminal, noncriminal. Rather, the case concerns only the issues of the burden of proof and the identity of the fact finder with respect to certain sentencing issues. *See United States v. Sanders*, 247 F.3d 139 (4th Cir.2001). Under this Court's *Dorsainvil* decision, therefore, § 2255 is not inadequate or ineffective for Chambers to raise his *Apprendi* argument.

For the foregoing reasons, the District Court lacked jurisdiction to entertain Chambers' § 2241 habeas petition raising *Apprendi*. We sympathize with Chambers' desire to have *Apprendi* applied to his case, for it might well benefit him. However, as the Government noted in its brief:

> [I]f the Supreme Court later holds that *Apprendi* should be applied retroactively, ... Chambers will be able to seek leave to file a successive § 2255 motion and then will have an opportunity to have his claim heard. *Turner*, 267 F.3d at 231 (dismissing defendant's motion for leave to file a second habeas petition without prejudice in case the Supreme Court subsequently should make *Apprendi* retroactive to cases on collateral review). In the interim, Chambers cannot evade the gatekeeping requirements enacted by AEDPA by invoking § 2241 without "effectively eviscerat[ing] Con-

gress' intent in amending § 2255." *Dorsainvil*, 119 F.3d at 251.

Appellee's Brief at 19.

The Order of the District Court will be affirmed.