**Quentin BURT, Petitioner–Appellant,**

v.

**John HEMINGWAY, Respondent–
Appellee.**

**No. 02–1894.**

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2003.

Before NELSON and CLAY, Circuit
Judges; and HAYNES, District Judge.*

*ORDER*

Quentin Burt, a federal prisoner pro-
ceeding pro se, moves for in forma pauper-
is status and appeals the dismissal of his
petition for a writ of habeas corpus filed
pursuant to 28 U.S.C. § 2241. This case
has been referred to a panel of the court
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Following a jury trial in 1990. Burt was
convicted of conspiracy to possess with
intent to distribute cocaine in violation of
21 U.S.C. §§ 841(a)(1) and 846, aiding and
abetting the use and carrying of machine
guns during drug trafficking in violation of
18 U.S.C. §§ 2 and 924(c), using and carry-
ing non-machine gun firearms during drug
trafficking in violation of 18 U.S.C.
§ 924(c), aiding and abetting the unlawful
possession of unregistered machine gun in
violation of 26 U.S.C. § 5861(d) and 18
U.S.C. § 2, and being a felon in possession
of a firearm in violation of 18 U.S.C.
§ 922(g). Prior to sentencing, the district
court vacated Burt's conviction on the
§ 924(c) count that did not involve machine
guns. Burt was sentenced to 495 months'
imprisonment, and the judgment of convic-
tion and sentence was affirmed on appeal.
*United States v. Sims,* 975 F.2d 1225 (6th
Cir.1992).

In November 1992, Burt joined two of
his co-defendants in filing a motion to va-

---

\* The Honorable William J. Haynes, Jr., United
States District Judge for the Middle District of
Tennessee, sitting by designation.

cate sentence pursuant to 28 U.S.C. § 2255. Burt then filed a second § 2255 motion. Both motions were denied in November 1993.

In January 1995, Burt filed another § 2255 motion; it too was denied. This court affirmed the denial of this motion. *Burt v. United States,* No. 95–1288, 1995 WL 603317 (6th Cir. Oct.12, 1995).

In December 1996, Burt filed a fourth motion to vacate sentence. That motion was denied on June 14, 2001. This court denied a certificate of appealability.

On June 4, 2001, Burt moved this court for permission to file a second or successive application under 28 U.S.C. § 2255. While that motion was pending Burt filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 2, 2001, this court denied Burt's motion to file a second or successive § 2255 motion.

In the instant § 2241 petition, Burt, citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), claimed that his convictions and sentences were invalid because the jury was not properly instructed with respect to the charges related to the machine gun. The district court dismissed the § 2241 petition, Reconsideration was denied. This timely appeal followed.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed Burt's petition. As a general rule, a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian, *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001): *Charles,* 180 F.3d at 755–56. However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles,* 180 F.3d at 755–56. For example, a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Burt's claim constitutes a challenge to the legality of his sentence, and he did not establish that his remedy under § 2255 is inadequate or ineffective. See *Charles,* 180 F.3d at 756. His claim does not involve an intervening change in the law that establishes his actual innocence. See *Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757. Burt's reliance on *Apprendi* does not help him. In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Although the Supreme Court announced a new rule of constitutional law in *Apprendi,* the rule has not been made retroactive to cases on collateral review. See *In re Clemmons,* 259 F.3d 489, 491–92 (6th Cir. 2001).

Burt did not prove that he was entitled to proceed under 28 U.S.C. § 2241. Accordingly, the motion for in forma pauperis is granted for the limited purpose of deciding the merits of this appeal, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.