

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2003

# Largo v. Bailey

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1643

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Largo v. Bailey" (2003). *2003 Decisions.* Paper 465.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/465

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-1643

RUBEN D. LARGO,
Appellant

v.

NANCY BAILEY, WARDEN

On Appeal From the United States District Court
for New Jersey
D.C. Civil No. 00-cv-06255
District Judge: Joseph E. Irenas

Submitted: March 31, 2003
Before: McKEE, SMITH & COWEN, Circuit Judges

(Filed: June 11, 2003)

OPINION OF THE COURT

McKee, Circuit Judge

We are asked to determine if the district court properly exercised jurisdiction

pursuant to 28 U.S.C. § 2241, and considered the merits of defendant's claims on the

basis of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As we shall explain, this issue has

been settled by our recent opinion in *Okereke v. United States*, 307 F.3d 117 (3d Cir.

2002), which was filed after the supplemental briefing schedule in this case. *See* Fed. R.

App. P. 34(a)(2); I.O.P. 2.4.1(b). Accordingly, we shall dismiss for lack of jurisdiction

and vacate the district court's order denying relief on the merits.

## I. <u>Background</u>:

Inasmuch as we write only for the parties who are familiar with the background of this appeal, we need not reiterate the factual or procedural history except insofar as it may be helpful to our brief discussion.

In September 1991, in the Southern District of Florida, Largo pleaded guilty to a two count indictment charging him with conspiring to possess and possessing with intent to distribute "a Schedule II narcotic controlled substance, ... containing a detectable amount of cocaine," contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. §§ 841 and 846, and 18 U.S.C. § 2. He was sentenced to concurrent terms of 188 months imprisonment. The judgment of conviction was affirmed on appeal and the Supreme Court denied *certiorari.* Largo thereafter filed a petition for habeas relief in the District Court for the Southern District of Florida in March of 1994 pursuant to 28 U.S.C § 2255. That petition was denied after a hearing, and the Court of Appeals for the 11th Circuit subsequently affirmed the District Court's judgment. Largo returned to the District Court for the Southern District of Florida on August 30, 2000, with a second § 2255 petition challenging the District Court's finding as to the type and quantity of drug attributable to him under the Supreme Court's opinions in *Apprendi* and *Jones v. United States*, 526 U.S. 227 (1999), The District Court dismissed appellant's petition because he had not first obtained authorization from the 11th Circuit Court of Appeals as required by 28 U.S.C. §§ 2255 and 2244(b)(3).

Largo thereafter filed an application with the 11th Circuit Court of Appeals to file a second § 2255 motion raising his *Apprendi* claim. The 11th Circuit denied his application, concluding that "the holdings of *Apprendi* and *Jones* have not been 'made retroactive to cases on collateral review by the Supreme Court,'" as required by § 2255 ¶ 8(2).

Undeterred, Largo pressed on. He filed the instant petition under § 2241 in the United States District Court for the District of New Jersey, the district of his confinement. The District Court exercised jurisdiction under § 2241 based upon the court's conclusion that Largo's claim "is one of the few instances where *Dorsainvil*, [119 F.3d 245 (3d Cir. 1997),] operates to permit a § 2241 challenge to the lawfulness of a federal sentence." *See* District Court Memorandum Opinion at 4. However, since Largo's sentence of 188 months did not exceed the statutory maximum of 20 years imprisonment set forth in 21 U.S.C. § 841(b)(1)(C), the court denied the petition on the merits. Nevertheless, the court granted a certificate of appealability based on Justice O'Connor's dissent in *Apprendi*, suggesting that the majority's decision implicates fact finding under the Guidelines even where the ultimate sentence falls below the statutory maximum. *See id*. at 10. This appeal followed.[1]

---

[1]    After initial briefing, the District Court (prompted in part by the government's request for us to provide guidance to the District Courts on this issue) appointed counsel and ordered supplemental briefing on the issue of "whether the remedy by motion filed pursuant to 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of a federal defendant's detention under the rule of constitutional law set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), where that defendant has previously unsuccessfully

## II. Analysis:

As noted by the government, shortly after Largo filed his brief in this appeal, and less than one month before the government's brief was filed, we decided *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002). There, we held that the District Court lacked jurisdiction to consider Okereke's *Apprendi* claims by recharacterizing his § 2255 motion (his third actually) as a motion for relief pursuant to 28 U.S.C. § 2241. *Id*. at 119. We wrote: "§ 2255 was not inadequate or ineffective for Okereke to raise his *Apprendi* argument." *Id*. at 121.[2] As a successive § 2255 motion, the District Court thus lacked jurisdiction to consider its merits. Accordingly, we vacated the District Court's order.

Given our decision in *Okereke*, there can be no doubt that the District Court erred in concluding that *Dorsainvil* permits a petitioner in Largo's position to invoke § 2241 to challenge the lawfulness of a federal sentence on the basis of an *Apprendi* claim. *See* District Court Memorandum Opinion at 4. Indeed, the court recognized its own error in

---

challenged his conviction or sentence under § 2255, thus allowing the defendant to invoke 28 U.S.C. § 2241." Briefing has been completed and this appeal is ripe for disposition.

[2] This conclusion is in agreement with decisions of other Circuit Courts of Appeals. *See Wesson v. United States Penitentiary Beaumont, Texas*, 305 F.3d 343 (5th Cir. 2002); *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002); *United States ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059 (8th Cir. 2002). *See also Burt v. Hemingway*, 2003 WL 244997 (6th Cir. Jan. 29, 2003); *Taylor v. Ray*, 54 Fed. Appx. 315, 2003 WL 77729 (10th Cir. Jan. 10, 2003); *Benitez v. FCI Phoenix*, 27 Fed. Appx. 917, 2001 WL 1662648 (9th Cir. Dec. 28, 2001).

that regard prior to our ruling in *Okereke* decision.[3]

We recognize, of course, that *Okereke* involved a successive § 2255 motion (treated by the District Court as a § 2241 petition),[4] whereas Largo's petition was submitted and treated as one brought under 28 U.S.C. § 2241.  However, this variation is a distinction without a difference insofar as the issue of the District Court's jurisdiction to reach the merits of an *Apprendi* claim is concerned.  The law is clear that persons convicted in federal court are required to bring their collateral attacks challenging the validity of their convictions and sentences by filing a motion pursuant to 28 U.S.C. § 2255.  The only exception which allows recourse to an original writ of habeas corpus is when § 2255 proves "inadequate or ineffective" to test the legality of the detention complained of.  28 U.S.C. § 2255 ("savings clause" in paragraph 5); *Davis v. United States*, 417 U.S. 333, 343 (1974); *Dorsainvil*, 119 F.3d at 251.

As we noted in *Okereke*, § 2255 is not inadequate or ineffective to raise an *Apprendi* claim. 307 F.3d at 121.  Thus, § 2241 can not be invoked by a "second petitioner" to have an *Apprendi* claim reviewed by the District Court.[5]  *See, e.g., Cradle v.*

---

[3]  *See Harris v. United States*, D. N.J. Civ. No. 00-cv-05194 (entered May 1, 2002).

[4]  *See, e.g., Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631)."

[5]  Chief Judge Becker likewise arrived at this conclusion in an unpublished opinion that was issued while supplemental briefing in Largo was being completed.  See Chambers v. Romine, 41 Fed. Appx. 525, 2002 WL 1283398, *2 (3d Cir. May 6,

*United States*, 290 F.3d 536, 538 (3d Cir. 2002)(*per curiam*)("[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court."). Otherwise, Largo and petitioners in similar situations would be able to evade the gatekeeping requirements enacted by AEDPA and "effectively eviscerate Congress' intent in amending § 2255." *Dorsainvil*, 119 F.3d at 251.

### III.<u>Conclusion</u>:

For the reasons set forth above, we conclude that the District Court erred in reaching the merits of Largo's *Apprendi* claim. Accordingly, the order of the District Court will be vacated, and Largo's appeal will be dismissed for lack of jurisdiction.

TO THE CLERK:

Please file the foregoing opinion.

By the court,

_____/s/Theodore A. McKee_____

Circuit Judge

---

2002)("[T]he District Court lacked jurisdiction to entertain Chambers' s 2241 habeas petition raising <u>Apprendi</u>.").