

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2003

# Harris v. Romine

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3580

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Harris v. Romine" (2003). *2003 Decisions.* Paper 279.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/279

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3580

_____

GEORGE HARRIS,
                              Appellant
v.

DON ROMINE, Warden,
U.S.P. Lewisburg, USA

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 00-cv-01490)
District Judge:   Honorable James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 1, 2002
Before:   SLOVITER, AMBRO, and WEIS, Circuit Judges.

(Filed: September 11, 2003)
_____

OPINION
_____

WEIS, Circuit Judge.

        In 1988, a jury in the United States District Court for the Eastern District of

Virginia found George Harris guilty of engaging in a continuing criminal enterprise

1

("CCE") in violation of 21 U.S.C. § 848, 28 counts of distributing cocaine in violation of 21 U.S.C. § 841, four counts of unlawfully using a communication facility to facilitate drug-trafficking in violation of 21 U.S.C. § 843(b), and two counts of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). A conviction for conspiracy in violation of 21 U.S.C. § 846 was vacated on motion of the Government.

The Court sentenced Harris to life in prison on the CCE charge and to 35 years, to be served consecutively with the life sentence, on the remaining counts. Harris's direct appeal was unsuccessful, and his motion pursuant to 28 U.S.C. § 2255 to vacate his sentence was denied in 1992.

In 1995, Harris filed a second section 2255 motion, contending that the trial court had erred by failing to instruct the jury that it had to agree unanimously on the specific violations that constituted the continuing series required for a CCE conviction. The District Court acknowledged that some courts required such an instruction, but it concluded that the lack of such an instruction was not error. After the Supreme Court held to the contrary in Richardson v. United States, 526 U.S. 813, 818-19 (1999), Harris sought leave to file a successive section 2255 motion raising a claim based on the Court's decision. The Court of Appeals for the Fourth Circuit denied the request.[1]

---

[1] Richardson did not state a rule of constitutional law. See Richardson, 526 U.S. at 818-19 (deciding the case on statutory grounds); see also 28 U.S.C. § 2255 ¶ 8 (standards for approving a successive section 2255 motion).

Harris then filed a 28 U.S.C. § 2241 petition in the District Court for the Middle District of Pennsylvania. He contends that (i) his conviction was constitutionally invalid because no Richardson instruction had been given and (ii) his sentence was unlawful under Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government's response argued that Harris was not entitled to seek relief via section 2241. In his reply, Harris made two new, but related, arguments: that (i) his indictment did not adequately charge a conspiracy in violaution of 21 U.S.C. § 846[2] and (ii) his life sentence *on the CCE conviction* violated Apprendi.

The District Court dismissed the petition on the ground that Apprendi was not applicable retroactively on collateral review and, therefore, Harris could not proceed under section 2241. Harris appealed to this Court and we held the case c.a.v. pending the decision in Largo v. Bailey, 01-1643, where a similar issue had been raised. The panel in that case handed down its opinion on June 11, 2003 and we now proceed to disposition of Harris' appeal.

Under the explicit terms of section 2255, unless a section 2255 motion would be "inadequate or ineffective," a habeas petition under section 2241 cannot be entertained by a court. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not "inadequate or ineffective" merely because the sentencing court has

---

[2] This argument is frivolous - the section 846 conviction was vacated on the Government's motion.

previously denied relief or because the gatekeeping provisions of section 2255 make it difficult to prosecute successive motions. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (explaining that a prisoner could resort to section 2241 if he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate").

In Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002), this Court held that the District Court lacked jurisdiction to consider Okereke's Apprendi claims by recharacterizing his section 2255 motion as a motion for relief pursuant to 28 U.S.C. § 2241. We explained that section 2255 was neither "inadequate or ineffective for Okereke to raise his Apprendi argument." Okereke, 307 F.3d at 121.

In this case, the District Court properly concluded that Harris could not proceed under section 2241.[3] We recognize that Okereke involved a successive section 2255 motion (treated by the District Court as a section 2241 petition), whereas Harris' petition was submitted and treated as one brought under 28 U.S.C. § 2241. However, this variation is a distinction without a difference as to the District Court's jurisdiction to reach the merits of an Apprendi claim.

---

[3] This Court has arrived at this same conclusion in two other unpublished opinions. See Chambers v. Romine, 2002 WL 1283398, *2 (3d Cir. May 6, 2002) & Largo v. Bailey, 2003 WL 21356962, *2 (3d Cir. June 11, 2003).

Those persons convicted in federal court who wish to collaterally attack their convictions must proceed through motions pursuant to 28 U.S.C. § 2255. Section 2241 may be invoked only when section 2255 proves "inadequate or ineffective" to test the legality of the detention. Harris has not shown us that his section 2255 petitions have been inadequate or ineffective simply because he was previously denied relief. See In re Dorsainvil, 119 F.3d at 251.

The District Court properly concluded that it lacked jurisdiction to hear Harris' section 2241 petition. Accordingly, the order of the District Court will be affirmed.

_____

TO THE CLERK:

     Please file the foregoing Opinion.


             /s/ Joseph F. Weis
             Circuit Judge