

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2007

# Chambers v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1073

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chambers v. Williamson" (2007). *2007 Decisions*. Paper 994.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/994

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-221                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1073
_____

GEORGE CHAMBERS,
Appellant

v.

WARDEN TROY WILLIAMSON
USP-Lewisburg

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-02382)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2007

Before:    SLOVITER, CHAGARES AND GREENBERG, CIRCUIT JUDGES

(Filed    June 6, 2007 )
_____

OPINION
_____

PER CURIAM

George Chambers, a prisoner at U.S.P. Lewisburg, appeals from the District

Court's order dismissing the habeas corpus petition he filed pursuant to 28 U.S.C. § 2241.

Because the appeal presents no substantial question, we will summarily affirm the

judgment of the District Court.

In 1994 a jury found Chambers guilty of various crimes related to the distribution of cocaine base, for which he is serving a life sentence. After Fourth Circuit Court of Appeals affirmed, Chambers filed a motion pursuant to 28 U.S.C. § 2255, which the District Court dismissed as untimely and meritless. The Fourth Circuit Court of Appeals denied Chambers' request for a certificate of appealability.

Chambers next sought relief via 28 U.S.C. § 2241, arguing that his conviction and sentence should be vacated pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). The District Court dismissed the petition without prejudice to Chambers' seeking authorization from this Court to file a second § 2255 motion. We affirmed in a non-precedential opinion. Chambers v. Romine, 41 Fed. Appx. 525 (3d Cir. 2002). Chambers then filed two more § 2255 motions, which were dismissed as unauthorized. After affirming each dismissal, the Fourth Circuit Court of Appeals denied Chambers' subsequent applications for authorization to file a second § 2255 motion.

Undeterred, Chambers filed another § 2241 petition, again challenging his conviction and sentence under Apprendi and its progeny. The District Court dismissed the petition pursuant to 28 U.S.C. § 2244(a) because Chambers had raised essentially the same issues in his previous § 2241 petition. This appeal followed.

The District Court properly dismissed Chambers' petition. Even if Chambers had not already raised essentially the same claims in his previous § 2241 petition, he still

2

cannot present them via § 2241. Rather, his claims fall squarely within § 2255. The mere fact that he is barred by AEDPA's procedural rules from filing another § 2255 motion does not render § 2255 "inadequate or ineffective," thereby allowing him to proceed under § 2241. As we have already explained this to Chambers in detail, we will not repeat ourselves here. See Chambers, 41 Fed. Appx. 525 at 526-527.