86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee
v.
William E. ROBERTS, Defendant-Appellant
 No. 95-5142.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1996.
 
 Before: MERRITT, Chief Circuit Judge; BOGGS, Circuit Judge; and O'MEARA, District Court Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Defendant William Roberts appeals from the District Court's sentence of 295 months. He seeks a ruling from this Court that the District Court improperly enhanced his sentence based on his status as an armed career criminal and based on his obstruction of justice.
 
 
 2
 The Defendant was charged with one count of violating 18 U.S.C. § 922(g), which prohibits convicted felons from possessing firearms. After first pleading guilty to the charge, the Defendant withdrew his plea and went to trial. The jury found him guilty. A presentence investigation report was then prepared by a probation officer. Without regard to his prior convictions, but including a two-level enhancement for obstruction of justice, the Defendant's adjusted offense level under the guidelines would be twenty-six. However, because the Defendant had three prior violent felony convictions, and because he possessed the firearm in question in connection with a plan to rob some banks, the probation officer turned to the guidelines provision for Armed Career Criminals. It mandates a base offense level of thirty-four where a defendant has three prior violent felony convictions and is being sentenced for the use or possession of a firearm in connection with a crime of violence. U.S.S.G. § 4B1.4. When combined with the Defendant's Criminal History Category of VI, the guidelines range for offense level thirty-four is 262 to 327 months. The probation officer therefore recommended a sentence within that range. The District Court, after finding that Defendant had three prior violent felony convictions and that the gun was possessed in connection with a crime of violence, sentenced the Defendant to 295 months.
 
 
 3
 The Defendant's first claim is that the Armed Career Criminal enhancement was improper because the government agreed, "as a condition of his plea agreement," that it would not seek the enhancement. Defendant's Brief at 8. Had the Defendant not withdrawn his guilty plea and proceeded to trial, this argument might have some merit. The fact is, however, that he did withdraw the plea. In doing so, he was warned by the District Court numerous times that any prior understanding with regard to an Armed Career Criminal enhancement would be void. For example, at one point the District Court stated, "But Mr. Roberts, do you understand if you withdraw your plea, that all bets are off? They can seek the mandatory minimum of 15 years.... You start from scratch. Do you understand that?" Joint Appendix at 216 ("J.A."). Mr. Roberts replied, "Your Honor, I'm perfectly aware of what the consequences is. If I'm convicted of retrial of this proceedings, I understand I can face 15 years." J.A. at 217. Thus, the Defendant's assertion that use of the Armed Career Criminal enhancement in his case was improper because the government promised not to seek such an enhancement is completely false and without merit.
 
 
 4
 The Defendant's second argument is that the Armed Career Criminal provision of the guidelines does not apply to his case because he does not have the requisite prior violent felony convictions. This argument is also without merit. Title 18 U.S.C. § 924(e) provides a minimum fifteen-year sentence for persons who violate § 922(g) [by possessing a firearm even though they are convicted felons] if the person has three prior violent felony convictions. The section defines a violent felony as: "... any crime punishable by imprisonment for a term exceeding one year ... that ... is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another...." The Supreme Court has held that "a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). Pursuant to this statute, § 4B1.4(a) of the Sentencing Guidelines provides that, "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." Section 4B1.4(b) of the guidelines then mandates that the sentencing court apply an offense level of thirty-four in such a case, if the defendant used or possessed the firearm in connection with a crime of violence, and if thirty-four is higher than the base offense level the defendant would receive under the other provisions of the guidelines.
 
 
 5
 According to the presentence investigation report ("PSI"), prior to his conviction in this case, the Defendant had been convicted of three violent felonies, and was therefore subject to the fifteen-year minimum under 18 U.S.C. § 924(e), also making him eligible for an enhancement under U.S.S.G. § 4B1.4. In 1968, the Defendant was convicted of violating Ohio Code § 2907.10 after he burglarized the Homan Medals Company of Cincinnati, Ohio. PSI p 45. In 1973, the Defendant was found guilty of breaking into Risch's Drug Store of Lancaster, Ohio, from which he stole cash and narcotics. PSI p 49. And finally, in 1981 the Defendant was convicted of manslaughter. PSI p 51.
 
 
 6
 The Defendant argues that his 1968 conviction does not qualify as a violent felony for purposes of § 924(e), because the Ohio statute under which he was convicted does not meet the "generic definition of burglary," required by the 18 U.S.C. § 924(e) and its interpreting case law. At the time of the Defendant's conviction, Ohio Code § 2907.10 was entitled "Breaking and Entering an Uninhabited Dwelling at Night." The statute read:
 
 
 7
 No person shall in the night season maliciously and forcibly break and enter, or attempt to break and enter an uninhabited dwelling house, uninhabited house trailer, or a kitchen, smokehouse, shop, office, storehouse, warehouse, malthouse, stillhouse, mill, pottery, factory, watercraft, schoolhouse, church meeting house, barn, stable, railway car, car factory, station house, hall, or other building, or attempt to break and enter an inhabited dwelling house or inhabited house trailer with intent to steal property of any value, or with intent to commit a felony.
 
 
 8
 Ohio Rev.Code Ann. (Page 1972). On its face, this statute clearly falls within the ambit of "burglary," which is listed in § 924(e) as a crime of violence. In addition, this Ohio statute directly mirrors the elements of "generic burglary" set out by the Supreme Court in Taylor: 1) unlawful entry or remaining in a structure, and 2) intent to commit a crime therein. This is not a case in which the statute in question "define[d] burglary more broadly than the generic definition 'e.g. by eliminating the requirement that the entry be unlawful or by including places, such as automobiles and vending machines, other than buildings." United States v. Bureau, 52 F.3d 584, 589-90 (6th Cir.1995) (citing Taylor, 495 U.S. at 599). Nor is this case similar to United States v. Throneburg, in which the Defendant was convicted for "entering without breaking," a crime which did not contain the required element of unlawful entry enunciated by the Supreme Court in Taylor. 921 F.2d 654 (6th Cir.1990). Thus, even though the Ohio statute under which the Defendant was convicted in 1968 is not specifically called burglary, the conviction qualifies as burglary for purposes of § 924(e) and, consequently, § 4B1.4 enhancements. The court properly found that the Defendant's sentence should be enhanced under the Armed Career Criminal provision of the sentencing guidelines.
 
 
 9
 Because we have determined that the Defendant is an Armed Career Criminal under section 4B1.4 of the Sentencing Guidelines, we need not reach the issue of the propriety of the obstruction of justice enhancement. That enhancement was used in the calculation of the Defendant's initial base offense level of twenty-six, which was superseded when the court used the offense level of thirty-four, as required by the Armed Career Criminal provision.
 
 
 10
 For these reasons, the judgment of the District Court is hereby AFFIRMED.
 
 
 
 *
 The Honorable John Corbett O'Meara, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation