**Ramone Antonio KENAN,**
**Petitioner–Appellant,**

v.

**U.S.P. LOMPAC Warden, Respondent–**
**Appellee.**

No. 00–57047.

D.C. No. CV–00–04980–FMC.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 30, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Ramone Antonio Kenan appeals the district court's dismissal for lack of jurisdiction of his 28 U.S.C. § 2241 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of a § 2241 petition, *Moore v. Reno*, 185 F.3d 1054, 1054 (9th Cir.1999), and we affirm.

■ We affirm the dismissal of Kenan's claim that he is being held in custody in violation of the Due Process Clause based on the government's alleged failure to provide him notice of forfeiture because this claim does not challenge the manner, location, or condition of the execution of Kenan's sentence and Kenan did not show that his remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir.2000).

■ We also affirm the dismissal of Kenan's ineffective assistance of counsel claim. Although couched as a challenge to the execution of Kenan's sentence, this claim in fact attacks the legality of his sentence and duplicates the claim Kenan raised in a § 2255 motion before the Middle District of North Carolina. A successive § 2255 motion disguised as a § 2241 petition requires permission of this court, which Kenan has not requested. *See* 28 U.S.C. § 2255. The district court therefore lacked jurisdiction to consider this claim. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir.1998).[1]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Even if permission to proceed with a second

■ Finally, we affirm the dismissal of Kenan's claim that his due process rights were violated because the Sentencing Commission has no procedure in place for him to request a modification of the Sentencing Guidelines, as provided by 28 U.S.C. § 994(s). Dismissal was proper because Kenan fails to allege that he filed such a request with the Commission or that such a request went unacknowledged.

AFFIRMED.

or successive motion had been granted, we would affirm the dismissal of this claim as one properly brought in the sentencing court pursuant to § 2255. *See Hernandez,* 204 F.3d at 864–65. Kenan's claim does not fall within the savings clause of § 2255; a remedy under § 2255 is not inadequate or ineffective merely because the sentencing court denied relief on the merits without a hearing. *Tripati v. Hen-* *man,* 843 F.2d 1160, 1162–63 (9th Cir.1988). Additionally, the International Covenant on Civil and Political Rights ("ICCPR") does not permit Kenan to eschew § 2255's limitations by bringing his claims under § 2241. Kenan has not shown that the ICCPR creates privately enforceable rights or that it is self-executing.