**Milton Earl FAIRCLOTH,**
**Petitioner–Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

**No. 00–5985.**

United States Court of Appeals,
Sixth Circuit.

Sept. 21, 2001.

Before RYAN and BATCHELDER, Circuit Judges; MATIA, Chief District Judge.*

Milton Earl Faircloth appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 1995, a jury sitting in the United States District Court for the Middle District of North Carolina found Faircloth guilty of conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced Faircloth to 210 months imprisonment and five years of supervised release, and the Fourth Circuit affirmed Faircloth's conviction and sentence. In December 1998, Faircloth filed a motion to vacate his sentence pursuant to 28 U.S.C.

§ 2255. The district court denied Faircloth's motion upon adoption of the magistrate judge's report and recommendation, and the Fourth Circuit denied Faircloth a certificate of appealability.

In his current section 2241 habeas corpus petition filed in May 2000, Faircloth claims that: (1) he was denied a fair trial because the government used perjured testimony from a witness; and (2) the district court did not have jurisdiction to sentence him because Congress did not have the authority to proscribe and schedule crack cocaine. The district court dismissed the petition, concluding that Faircloth could not challenge his conviction and imposition of his sentence under section 2241 because he has not shown that his remedy under section 2255 was inadequate or ineffective.

In his timely appeal Faircloth reasserts these claims and argues for the first time that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which was decided after the district court dismissed his petition, entitles him to habeas relief.

We review the judgment of a district court dismissing a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 de novo. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under section 2241, instead of section 2255, if he is able to establish that his remedy under section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles*, 180 F.3d at 755–56. It is the prisoner's

---

* The Honorable Paul R. Matia, United States Chief District Judge for the Northern District of Ohio, sitting by designation.

burden to prove that his remedy under section 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Reviewing recent decisions that have invoked this savings clause, the Sixth Circuit in *Charles* concluded that the courts have done so essentially to permit prisoners to submit claims of actual innocence otherwise barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Charles,* 180 F.3d at 756–57. Because the petitioner in *Charles* had failed to submit a facially valid claim of actual innocence, the court withheld judgment as to whether a claim of actual innocence would permit a petitioner to have a "second bite of the apple." *Id.* at 757; *see also Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir.2000) (declining to articulate circumstances when a petitioner meets his burden of proving the inadequacy of the remedy under section 2255 because he had a prior opportunity to present claims and had not raised a claim of actual innocence); *United States v. Barrett,* 178 F.3d 34, 52–53 (1st Cir.1999) (same), *cert. denied,* 528 U.S. 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000).

■ For several reasons Faircloth has not met his burden to prove that his section 2255 remedy is inadequate or ineffective with respect to the claims he raised before the district court. First, Faircloth does not point to an intervening change in the law or any extraordinary circumstances that reflect that he may be actually innocent of his crime. Unlike other prisoners who have obtained review of their viable actual innocence claims because they did not have a prior opportunity to present their claims, *In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Faircloth has had opportunities to challenge his con-

viction in his direct appeal and in his prior section 2255 motion to vacate.

Second, it is unclear whether and to what extent someone like Faircloth can show actual innocence in relation to his claim that only challenges the imposition of his sentence. *Wofford v. Scott,* 177 F.3d 1236, 1244–45 (11th Cir.1999). We need not resolve this issue in this case, however, because Faircloth, while proceeding in the district court, did not rely on any intervening Supreme Court decision for relief. *See id.*

■ Third, Faircloth's remedy under section 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under section 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under section 2255, because the petitioner may be denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58. *Accord United States v. Lurie,* 207 F.3d 1075, 1077–78 (8th Cir.2000). The remedy afforded under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. *Charles,* 180 F.3d at 758.

■ Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit with respect to the claims Faircloth raised below. As for Faircloth's *Apprendi* claim, *Apprendi* appears to embody "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255, so as to allow Faircloth to file a second or successive motion under section 2255. Accordingly, because Faircloth may raise his *Apprendi* claim through a section 2255 motion, he cannot

raise it in this action filed under section 2241, and we have no opportunity to pass on the merits of Faircloth's claim for relief pursuant to *Apprendi.*