Maria BENITEZ, Petitioner—
Appellant,

v.

FCI PHOENIX, Warden, Respondent—
Appellee.

No. 01–15181.
D.C. No. CV–00–01864–EHC.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge,
TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Maria Benitez appeals the district court's dismissal of her 28 U.S.C. § 2241 habeas petition challenging the propriety of her federal conviction and sentence for attempting to possess with intent to distribute multiple kilograms of cocaine in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal of a § 2241 petition de novo, *see Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988), and we affirm.

Benitez filed an unsuccessful 28 U.S.C. § 2255 motion in Illinois and was denied a

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

certificate of appealability. She then filed a 28 U.S.C. § 2241 motion in Arizona, the district of her incarceration, which the district court dismissed for lack of jurisdiction. Benitez appeals, contending that § 2255 is inadequate or ineffective, and therefore the district court had jurisdiction over her § 2241 petition. Her arguments are unpersuasive. *See id.* at 1161 (petitioner may not bring § 2241 petition unless § 2255 motion is inadequate or ineffective).

 Benitez first contends that § 2255 is inadequate for her claim of violation of the International Covenant on Civil and Political Rights because § 2241 refers specifically to treaties, while § 2255 does not. This difference does not support her use of § 2241. *See Davis v. United States,* 417 U.S. 333, 344, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (stating that relief under § 2255 extends to treaty violations). Benitez also claims that § 2255 is inadequate because the Illinois district court failed to hold an evidentiary hearing on her original motion. The remedy for such a claim, however, was an appeal from the denial of the § 2255 motion. *See Tripati v. Henman,* 843 F.2d at 1162 (denial of post-trial motion without a hearing is not alone sufficient to show that § 2255 remedy is inadequate).

Benitez next contends that her § 2241 petition is appropriate because two of her challenges are based on post-sentencing events that affect the execution of her sentence: the failure of the United States Sentencing Commission to entertain petitions under 28 U.S.C. § 994(s), and the decision in *Apprendi v. New Jersey,* 530

U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Neither argument has merit.

Benitez fails to allege that she filed any petition with the Sentencing Commission or that such a request went unacknowledged. Nor does Benitez address how the execution of her sentence is affected by any alleged failure of the Sentencing Commission to entertain such petitions.

Benitez also argues that *Apprendi* has retroactive effect and thus invalidates her sentence and conviction because the district court sentenced her on the basis of drug amounts not submitted to the jury. However, the appropriate remedy for challenging a conviction is a § 2255 motion.[1] *See Tripati v. Henman,* 843 F.2d at 1162.

Benitez has failed to carry her burden of showing that a § 2255 motion is inadequate or ineffective. Accordingly, the district court properly dismissed Benitez's § 2241 petition for lack of subject matter jurisdiction.

AFFIRMED.

---

1. Without addressing the issue of retroactivity, Benitez's *Apprendi* claim has no merit as her sentence does not exceed the prescribed statutory maximum for the smallest amount of cocaine. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir.2000).