# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LARRY DEAN DUTTON,
          *Petitioner-Appellant,*

v.                                                 No. 01-6811

WARDEN, FCI Estill,
          *Respondent-Appellee.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Dennis W. Shedd, District Judge.
(CA-00-2630-0-19BD)

Argued: January 22, 2002

Decided: February 22, 2002

Before WILKINSON, Chief Judge, and MOTZ and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Cheryl Johns Sturm, Chadds Ford, Pennsylvania, for
Appellant. Barbara Murcier Bowen, Assistant United States Attorney,
Columbia, South Carolina, for Appellee. **ON BRIEF:** Scott N.
Schools, United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Petitioner, Larry Dutton, is currently serving a sentence of two hundred thirty five (235) months for unlawful possession of a firearm by a convicted felon in violation of Title 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). The sentence was imposed on Dutton in the Western District of North Carolina. Dutton has previously filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was denied by the district court, and we affirmed. *United States v. Dutton*, No. 98-6719 (Sept. 4, 1998).

The current action was filed by Dutton in the U.S. District Court for the District of South Carolina, pursuant to 28 U.S.C. § 2241. Dutton alleged that his sentence is in violation of the International Covenant on Civil and Political Rights ("ICCPR"), and in violation of the holding of *Apprendi v. United States*, 500 U.S. 466 (2000). On the government's motion to dismiss, a magistrate judge recommended that the petition be dismissed without prejudice because the petition was, in actuality, a second motion under § 2255. Dutton had not sought permission to file a second motion under § 2255, and was therefore barred from filing the motion. The magistrate judge declined to recommend transferring the case to the Western District of North Carolina because Dutton acknowledged that he had not sought permission to file the motion. The district court adopted the recommendation without change. Dutton filed a timely appeal. We affirm.

The district court dismissed the petition on a purely legal basis. Our review is *de novo*. *United States v. Brown*, 155 F.3d 431, 434 (4th Cir. 1998); *Ashe v. Styles*, 67 F.3d 46, 50 (4th Cir. 1996).

As the district court found, Dutton's petition was a challenge to the validity of his sentence and was therefore required to be brought pursuant to § 2255. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).

Because Dutton has previously filed a § 2255 motion, the district court correctly concluded that he cannot file a second motion unless he obtains our permission to do so. *Id.* We have not granted permission.

Dutton seeks to avoid the requirements of § 2255 by arguing that his remedy under § 2255 is "inadequate or ineffective" to test the legality of his sentence, and that he is therefore statutorily entitled to bring his claim pursuant to § 2241. *See* 28 U.S.C. § 2255. Dutton states that he is being held in violation of the International Convention on Civil and Political Rights (ICCPR), and that because § 2241 but not § 2255 includes language regarding violations of "treaties," he must be permitted to file his petition pursuant to § 2241. 28 U.S.C. § 2241(c)(3). This argument is plainly meritless. Regardless of whether claims based on violations of treaties must be brought pursuant to § 2241, Dutton's claim fails because the ICCPR is not privately enforceable. To be privately enforceable, a treaty must either be self-executing or Congress must have passed implementing legislation. *Goldstar (Panama) S.A. v. United States*, 967 F.2d 965, 968 (4th Cir. 1992); *Breard v. Pruett*, 134 F.3d 615, 622 (4th Cir. 1998) (Butzner, J., concurring). To the extent that a treaty has not been implemented and is not self-executing, habeas relief is not available. *Garza v. Lappin*, 253 F.3d 918, 924 (7th Cir. 2001). The ICCPR is not self-executing, nor has it been implemented by Congress. *See* Senate Resolution of Ratification of International Covenant on Civil and Political Rights, 102d Cong., 138 Cong. Rec. S4781-01, S4784 (April 2, 1992) (noting that "the United States declares that the provisions of Articles 1 through 27 of the [ICCPR] are not self-executing"); Senate Committee on Foreign Relations Report on the International Covenant on Civil and Political Rights, S. Exec. Rep. 102-23, 31 I.L.M. 645, 652, 657 (1992) (stating "[t]he Administration proposed a declaration stating that Articles 1 through 27 of the [ICCPR] are not self-executing" and that "[t]he intent is to clarify that the [ICCPR] will not create a private cause of action in U.S. courts"); *see also Igartua de la Rosa v. United States*, 32 F.3d 8, 10 n.1 (1st Cir. 1994) (holding that ICCPR is not privately enforceable).

Dutton also makes an equally meritless argument based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We have held that *Apprendi* is not retroactive to cases on collateral review. *United States*

*v. Sanders*, 247 F.3d 139 (4th Cir. 2001). And it certainly has not been made retroactive by the Supreme Court, which is what would be required in this case, since this is Dutton's second motion. 18 U.S.C. § 2255. *See Sanders*, 247 F.3d at 146 n.4. Finally, we reject Dutton's argument that his sentence violates 28 U.S.C. § 994(s). This claim relates to the validity of his sentence and is therefore governed by § 2255. "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).

For the above stated reasons, the district court properly dismissed Dutton's petition. The judgment of the district court is affirmed.

*AFFIRMED*