RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0104P (6th Cir.)
File Name: 03a0104p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

FRANKLYN BANNERMAN,
    *Petitioner-Appellant,*

    *v.*

No. 01-6597

GEORGE E. SNYDER, Warden,
    *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 01-00193—Jennifer B. Coffman, District Judge.

Argued: March 12, 2003

Decided and Filed: April 7, 2003

Before: MARTIN, Chief Circuit Judge; ROGERS, Circuit
Judge; EDMUNDS, District Judge.[*]

_____

### COUNSEL

**ARGUED:** Cheryl J. Sturm, Chadds Ford, Pennsylvania, for
Appellant. John Patrick Grant, ASSISTANT UNITED
STATES ATTORNEY, Lexington, Kentucky, for Appellee.

_____

[*] The Honorable Nancy G. Edmunds, United States District Judge for
the Eastern District of Michigan, sitting by designation.

**ON BRIEF:** Cheryl J. Sturm, Chadds Ford, Pennsylvania,
for Appellant. John Patrick Grant, ASSISTANT UNITED
STATES ATTORNEY, Lexington, Kentucky, for Appellee.

_____

### OPINION

_____

ROGERS, Circuit Judge. Petitioner was sentenced by a
United States District Court in Virginia to 264 months
imprisonment for violating federal drug laws. On direct
appeal, the Fourth Circuit affirmed his conviction. He later
filed in the sentencing court a motion under 28 U.S.C. § 2255
to vacate, set aside or correct his sentence. That motion was
denied as untimely. Petitioner appealed to the Fourth Circuit;
that court granted a certificate of appealability and remanded,
finding that the motion was timely. On remand, the
sentencing court again denied his § 2255 motion. He
subsequently filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the
Eastern District of Kentucky, the district where he is
incarcerated. The district court denied the petition and
granted respondent's motion to dismiss. Petitioner appeals
the district court's decision. We AFFIRM.

The standard for review of a denial of a petition of habeas
corpus is *de novo*. *Charles v. Chandler*, 180 F.3d 753, 755
(6th Cir. 1999).

Petitioner filed a petition for habeas corpus pursuant to
§ 2241 with the district court. He claimed that article 15 of
the International Covenant on Civil and Political Rights,
adopted by the U.N. General Assembly Dec. 19, 1966, 999
U.N.T.S. 171 (ICCPR), was violated because he was not
provided a forum to make his argument under *Apprendi v.*

*New Jersey*, 530 U.S. 466 (2000).[1] The Supreme Court in *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Petitioner's *Apprendi* argument is that the district court's failure to instruct the jury on the quantity and identity of the drugs involved resulted in a jury finding that he was guilty of a crime when each element of the crime had not be found beyond a reasonable doubt, and therefore his sentence was more than the maximum sentence he could have received.

Habeas corpus is available to challenge the legality of a federal prisoner's detention pursuant to § 2241 only if the petitioner can show that "the remedy by motion [pursuant to 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Charles*, 180 F.3d at 756. This phrase is known as the savings clause. *Charles*, 180 F.3d at 755.

Petitioner's challenge was to the legality of his detention. He alleged that his remedy by way of § 2255 was inadequate or ineffective to test the legality of his detention because the ICCPR had been violated and because only § 2241 provides a remedy for treaty violations.[2] The district court rejected each of petitioner's habeas arguments. The court found that the ICCPR did not entitle petitioner to bring an action pursuant to § 2241. In addition, the court denied all of petitioner's *Apprendi* claims based on the rationale and legal authorities set forth in *Perkins v. Thoms*, No. 01-5432, 2001

---

[1] Article 15 of the ICCPR provides, "If, subsequent to the commission of the offense, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby." 999 U.N.T.S. 171, 177.

[2] Section 2241 provides in part: "The writ of habeas corpus shall not extend to a prisoner unless-- . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

WL 1178279 (6th Cir. Sept. 24, 2001). *Perkins* held that a § 2241 petition could not be based on a retroactive application of *Apprendi*.

The savings clause may only be applied when the petitioner makes a claim of actual innocence. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *see also Charles*, 180 F.3d 753. A challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim under *Martin*. *See United States v. Peterman*, 249 F.3d 458 (6th Cir. 2000).

Finally, petitioner may not rely upon the ICCPR to circumvent the requirement that challenges to the legality of federal detention be brought under § 2255 rather than § 2241, absent a claim of actual innocence. The ICCPR does not provide an independent basis for challenging custody under § 2255 because its provisions are not self-executing, and therefore not judicially enforceable "law" of the United States. *See Buell v. Mitchell*, 274 F.3d 337, 372 (6th Cir. 2001); *U.S. Senate Resolution of Advice and Consent to Ratification of the International Covenant on Civil and Political Rights*, 138 Cong. Rec. 8068, 8071 (1992) (United States declaration that Articles 1 through 27 of ICCPR are not self-executing); Curtis A. Bradley & Jack L. Goldsmith, *Treaties, Human Rights, and Conditional Consent*, 149 U. PA. L. REV. 399, 446-451 (2000) (discussing legality of non-self-execution declarations). While it is true that § 2241, unlike § 2255, expressly includes violation of "treaties of the United States" as a basis for challenging custody, it is clear that the grounds for relief under § 2255 are the equivalent of those under general federal habeas corpus statutes that refer to "the Constitution or laws or treaties of the United States." *See Davis v. United States*, 417 U.S. 333, 344 (1974). It follows that the reference to "treaties of the United States" in § 2241 cannot be construed as an implementation of non-self-executing provisions of treaties so as to render them judicially

enforceable under § 2241 when they are not enforceable under § 2255.[3]

## CONCLUSION

Petitioner has not set forth any valid arguments to support his habeas petition and therefore the district court judgment is AFFIRMED.

---

[3] We note that the Fourth and Ninth Circuits, albeit in unpublished opinions, have flatly rejected such an argument. *Dutton v. Warden*, No. 01-6811, 2002 U.S. App. Lexis 2846 (4th Cir. Feb. 22, 2002); *Kenan v. Warden*, No. 00-57047, 2001 U.S. App. Lexis 19552 (9th Cir. Aug. 30, 2001); *Benitez v. Warden*, No. 01-15181, 2001 U.S. App. Lexis 27478 (9th Cir. Dec. 28, 2001).