**Jerrold TRESVANT, Petitioner–Appellant,**

v.

**Jose BERRON, Warden, Respondent–Appellee.**

No. 02–6494.

United States Court of Appeals, Sixth Circuit.

June 23, 2003.

Before NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

*ORDER*

Jerrold Tresvant, a federal prisoner proceeding pro se, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Tresvant was charged with five counts of possessing and distributing cocaine. A jury convicted Tresvant of one count of possession with the intent to distribute twenty-five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and acquitted him of the remaining charges. The United States District Court for the Western District of Tennessee sentenced Tresvant to 126 months of imprisonment

and 60 months of supervised release. This court affirmed Tresvant's conviction and sentence on direct appeal. *United States v. Tresvant,* No. 98–5990, 1999 WL 617956 (6th Cir. Aug.12, 1999). In August 2000, Tresvant filed an unsuccessful motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, based in part on allegations of ineffective assistance of counsel.

Upon review, we affirm the district court's decision. A federal prisoner may bring a claim challenging his conviction or imposition of sentence under § 2241, as opposed to § 2255, if it appears that the remedy afforded under § 2255 is inadequate or ineffective. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *See id.*

Tresvant was not entitled to bring either of his claims under § 2241. As explained by this court in *Bannerman v. Snyder,* 325 F.3d 722 (6th Cir.2003), a petitioner challenging his sentence under *Apprendi* is not entitled to habeas relief under § 2241. *Id.* at 724. Furthermore, Tresvant raised the ineffective assistance of counsel claim in his petition filed pursuant to § 2255. A § 2255 remedy is not inadequate or ineffective simply because § 2255 relief has already been denied or because the petitioner is procedurally barred from pursuing relief under § 2255. *See Martin v. Perez,* 319 F.3d 799, 803 (6th Cir.2003).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.