**William Eugene ROBERTS,**
**Petitioner–Appellant,**

v.

**George SNYDER, Warden,**
**Respondent–Appellee.**

No. 02–6258.

United States Court of Appeals,
Sixth Circuit.

July 31, 2003.

Before KENNEDY, GILMAN, and GIBBONS, Circuit Judges.

*ORDER*

William Eugene Roberts, a pro se federal prisoner, appeals a district court judgment denying his 28 U.S.C. § 2241 petition for writ of a habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, a jury convicted Roberts of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). Because

he had three prior violent felony convictions and had possessed the firearm in connection with a plan to rob banks, Roberts was sentenced to 295 months in prison as an armed career criminal. *See* 18 U.S.C. § 924(e); USSG § 4B1.4. This court affirmed the district court's judgment on direct appeal in *United States v. Roberts,* No. 95–5142, 1996 WL 279866 (6th Cir. May 24, 1996) (unpublished). In 1999, Roberts filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The district court denied the motion, and this court declined to issue a certificate of appealability.

In his § 2241 petition, Roberts asserted that: 1) the district court erroneously enhanced his sentence beyond § 922(g)'s statutory maximum, in violation of the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); 2) the indictment violated the rule in *Apprendi* because it did not mention the planned bank robberies; and 3) he is actually innocent because he merely had constructive possession of the firearm. The district court determined that the claims were not properly brought in a § 2241 proceeding and dismissed the action.

In his timely appeal, Roberts reasserts his claims.

Upon de novo review, we conclude that the district court properly dismissed Roberts's § 2241 petition. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

■ If a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. *See* 28 U.S.C. § 2255; *Charles,* 180 F.3d at 755–56; *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); *Charles,* 180 F.3d at 755–56; *Capaldi,* 135 F.3d at 1123.

Roberts has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. *Peterman,* 249 F.3d at 461. Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence. *See id.; Charles,* 180 F.3d at 757. Roberts has failed to do so.

■ Furthermore, Roberts's *Apprendi* claims do not entitle him to relief under § 2241. *See Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir.2003); *Faircloth v. Perez,* 27 Fed.Appx. 334 (6th Cir.2001) (un-

published). First, should *Apprendi* be made retroactively available, Roberts will be able to raise his claim in a § 2255 proceeding. *See Faircloth,* at 335. Second, *Apprendi* does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it. *Goode v. United States,* 305 F.3d 378, 385 (6th Cir.), *cert. denied,* 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.