**Terry Lamar BRICE, Petitioner–Appellant,**

v.

**George E. SNYDER, Respondent–Appellee.**

No. 02–5237.

United States Court of Appeals, Sixth Circuit.

Nov. 13, 2003.

Terry Brice, Manchester, KY, for Petitioner–Appellant.

Marianna Jackson Clay, Asst. U.S. Attorney, Mason Moore Kessinger, Asst. U.S. Attorney, Lexington, KY, David Stephens, Greenville, SC, for Respondent–Appellee.

Before SILER, BATCHELDER and COOK, Circuit Judges.

## OPINION

COOK, Circuit Judge.

Terry L. Brice appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. He argues that he should be permitted to challenge his conviction under § 2241 despite having been denied relief under 28 U.S.C. § 2255. Brice maintains that § 2255 was "inadequate or ineffective to test the legality of his detention" because he claims that he is actually innocent. Because we conclude that Brice failed to demonstrate his actual innocence, we AFFIRM the district court's dismissal of his § 2241 petition.

### Factual and Procedural Background

In 1993 a federal jury in South Carolina convicted Brice of conspiring to possess with intent to distribute a controlled substance under 21 U.S.C. § 846, and of using or carrying a firearm in connection with a drug-trafficking offense under 18 U.S.C. § 924(c). The Fourth Circuit affirmed both convictions. In 1995 Brice unsuccessfully attacked those convictions in a motion filed in accordance with 28 U.S.C. § 2255.

Later, he applied for leave to file a second § 2255 motion which the Fourth Circuit denied. That denial barred Brice from proceeding further under § 2255.

Then, from his Kentucky prison, Brice filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his § 924(c) conviction. The district court dismissed the petition. Now he appeals that dismissal. We affirm.

### Introduction

In habeas cases, we review the district court's legal conclusions de novo and its

factual findings for clear error. *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994). Here we consider de novo the district court's legal conclusion that Brice's § 2241 petition for a writ of habeas corpus failed to state a claim upon which relief can be granted.

Absent extraordinary circumstances, the § 2241 petition is reserved for challenges to the execution of sentence, *not* conviction itself. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). Though § 2255 is normally the exclusive way for federal prisoners to collaterally attack their convictions, the section includes a "savings clause" that permits a prisoner to petition for a § 2241 writ of habeas corpus upon a showing that relief under § 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Bannerman v. Snyder,* 325 F.3d 722, 723 (6th Cir.2003). And to show § 2255 relief "inadequate or ineffective," a prisoner must demonstrate actual innocence. *Bannerman,* 325 F.3d at 724.

### Discussion

Brice attempts to show his actual innocence by arguing that an incorrect jury instruction permitted the jury to convict him of noncriminal conduct. Section 924(c) criminalized "using or carrying" a firearm in connection with a drug-trafficking offense. 18 U.S.C. § 924(c). The trial judge instructed Brice's jury that if they found that he *possessed* the firearm—either actually or constructively—then they could properly convict Brice under § 924(c) for "using" a firearm. But after his conviction, the Supreme Court decided *Bailey v. United States,* a case that clarified the meaning of "uses," holding that "uses" as it appears in § 924(c) means something more than mere possession.

516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In view of that holding, the jury instruction at Brice's trial allowed the jury to convict him using an overbroad definition of "uses." Brice contends that this overbroad definition in his jury instruction leads directly to the conclusion that he is actually innocent of violating § 924(c).

Brice bears the burden of showing his actual innocence. *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The *Bousley* court held that actual innocence "means factual innocence, not mere legal insufficiency" and set forth the standard that: "To establish actual innocence, petitioner must demonstrate that, 'in light of the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (citations omitted).

Brice cannot meet this standard because even if, as he argues, he did not "use" a firearm within the meaning of § 924(c) as later interpreted by *Bailey,* he fails to show that he is actually innocent of the alternate § 924(c) violation—"carrying." He does not contest the court's instruction to the jury on "carrying," and at trial, several witnesses testified to facts that would support his conviction for "carrying."

For example, Earl Browning testified that during the drug conspiracy, Brice and his coconspirators carried their guns concealed "in [the] front of [their] britches." J.A. at 44. This testimony is particularly damning in light of the Supreme Court's observation in *Bailey* (albeit in dicta), that "a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction." 516 U.S. at 146.

Brice fails to meet his burden of showing that it is more likely than not that no reasonable juror would have convicted him

based on evidence of his carrying a firearm in connection with a drug-trafficking offense in violation of § 924(c). *Bousley*, 523 U.S. at 623. Regardless of Brice's guilt of "using" a firearm, he has not shown that he is actually innocent of "carrying" in violation of § 924(c). *See Moore v. United States*, 156 F.3d 1231 (6th Cir.1998)(unpublished)(using the same reasoning).

Nevertheless, Brice insists that his § 2241 petition merits relief on the actual innocence standard because he claims the indictment only charged possession, not carrying. The indictment read that Brice, with his co-conspirators, "knowingly possessed" a handgun "during and in relation to a drug trafficking crime," all in violation of § 924(c). J.A. at 50. Brice characterizes the indictment's charge of "knowingly possessed"—language not found in § 924(c)—as constitutionally insufficient to support a conviction for "carrying." Though the indictment did not explicitly charge Brice with "carrying," we nonetheless find it constitutionally sufficient by its reference to the Code section.

An indictment is constitutionally sufficient if it satisfies a two-part test: first, it must set out all elements of the charged offense and give notice to the defendant of the charge faced; and second, the indictment must be "sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir.1992)(citing *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)).

Measured against that standard, Brice's indictment passes constitutional scrutiny. In *Martinez*, we upheld as sufficient an indictment that omitted the crime's *mens rea* element but did reference the appropriate United States Code section. *Id.* We

observed that the "citation to the statutes informed [the defendant] of the elements of the charged offenses." *Id.*

Here, like in *Martinez*, the indictment's reference to the appropriate Code section cured any confusion caused by the indictment's "knowingly possessed" language. The indictment charged and properly notified Brice that he could be convicted of violating § 924(c) by either using or carrying the firearm in connection with a drug-trafficking offense. And by charging that Brice possessed the firearm on a specific date, and that he did so in connection with a specific drug conspiracy, the indictment specified sufficient facts to enable Brice to bring any future double jeopardy claim.

## Conclusion

In light of the foregoing, we affirm the district court's dismissal of Brice's § 2241 petition for a writ of habeas corpus.