**Paul STAFFORD, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Warden,
Respondent–Appellee.**

**No. 03–1552.**

United States Court of Appeals,
Sixth Circuit.

Feb. 3, 2004.

Paul Stafford, pro se, Milan, MI, for Petitioner–Appellant.

Patricia G. Gaedeke, U.S. Attorney's Office, Detroit, MI, for Respondent–Appellee.

Before MARTIN, RYAN, and MOORE, Circuit Judges.

*ORDER*

Paul R. Stafford, a federal prisoner proceeding pro se, moves for counsel and appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Stafford has filed a motion to expedite this appeal. He has also filed a motion for release pending this appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 1997, Stafford was sentenced to a 188–month term of imprisonment and three years of supervised release for using interstate wire communications to defraud and obtain money by false pretenses and representations. His conviction was affirmed on appeal. *See United States v. Stafford,* 136 F.3d 1109 (7th Cir.1998).

On March 8, 1999, Stafford filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Wisconsin. The motion was denied on April 14, 1999. He filed a second § 2255 motion on October 12, 1999, but it was dismissed for lack of jurisdiction. Stafford subsequently filed a petition for a writ of mandamus with the District of Columbia Court of Appeals. That petition was denied. *See In re: Paul R. Stafford,* No. 01–5253, 2001 WL 1029136 (D.C.Cir. Aug. 29, 2001). While the mandamus petition was pending, Stafford filed a motion for a writ of error coram nobis in the United States District Court for the Eastern District of Michigan. That motion was dismissed.

On January 23, 2003, Stafford filed the instant petition for a writ of habeas corpus. On receipt of the petition, the district court ordered Stafford to show cause why his petition should not be construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Stafford alleged in a response to the court's order that he raised most of his grounds for relief in a § 2255 motion, but he should be permitted to raise additional grounds for relief in his habeas petition. He claimed to possess newly discovered evidence that the government suppressed. Stafford further claimed that he should not be required to return to the trial court because of double jeopardy concerns and because government officials in the Western District of Wisconsin committed perjury. The district court dismissed the § 2241 petition. This timely appeal followed.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *See United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed Stafford's petition. Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district court in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Stafford challenges his conviction and sentence on forty-four grounds. Thus, Stafford's habeas corpus petition constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served, and § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Stafford's sentence. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56.

Nevertheless, Stafford invokes the "savings clause" of § 2255 as justification for bringing his claims under § 2241. He alleges that the government did not submit previously suppressed evidence to him until after he filed his § 2255 motion. He implies that he would be barred from filing another motion to vacate sentence. He

also claims to be actually innocent of the crime for which he was convicted.

Stafford may be entitled to the review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. The burden is upon Stafford to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles,* 180 F.3d at 756. The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because he is procedurally barred from pursuing relief under § 2255, because he has been denied permission to file a second or successive motion to vacate, or because the § 2255 claim is time-barred. *Id.* at 756–58.

Stafford has not established that his remedy under § 2255 is inadequate or ineffective. The "savings clause" of § 2255 "may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir.2003). The United States Court of Appeals for the Seventh Circuit has characterized the evidence of Stafford's guilt in his criminal case as "not only overwhelming but virtually uncontested." *Stafford,* 136 F.3d at 1112.

In conclusion, Stafford has failed to carry his burden of demonstrating that his remedy via a § 2255 motion was inadequate or ineffective or that he is "actually innocent." Therefore, his § 2241 motion was properly dismissed.

Accordingly, the motion to expedite is denied, the motion for release is denied, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.