Jimmie TRUSS, Petitioner–Appellant,

v.

Randy J. DAVIS, Warden, Respondent–Appellee.

No. 03–6453.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2004.

Jimmie Truss, Memphis, TN, pro se.

Before: NORRIS and DAUGHTREY, Circuit Judges; and OLIVER, District Judge.[*]

## ORDER

Jimmie Truss, proceeding pro se, appeals a district court's order dismissing his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 1995, a jury convicted Truss of conspiracy to possess cocaine with intent to distribute and related crimes, and he was sentenced to 232 months' imprisonment. Truss appealed; we affirmed his convictions and sentence. *United States v. Worthington,* No. 96–1974, 1998 WL 279379 (6th Cir. May 21, 1998) (unpublished). Truss then filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, arguing, inter alia, that his counsel was ineffective for failing to object to the computation of drug quantity. The district court denied his § 2255 motion and we denied Truss a certificate of appealability. Truss then filed a second § 2255 motion, alleging his indictment was defective for failing to allege a drug quantity. The

district court construed Truss's second § 2255 motion as a second or successive motion to vacate, and transferred it to this court for Truss to seek permission to file a second or successive motion to vacate. We dismissed Truss's action for want of prosecution.

Thereafter, Truss filed the instant § 2241 petition, alleging that his indictment did not charge him with a particular drug quantity or possession of a firearm. The district court found that Truss's petition was cognizable only as a § 2255 motion, found that the savings clause did not apply to Truss's petition, dismissed his habeas petition, and concluded that any appeal would not be taken in good faith. Truss paid the required filing fee, and this timely appeal followed.

On appeal, Truss argues that the district court erred in construing his habeas petition as a motion to vacate and dismissing his petition prior to giving him notice of the consequences of its re-characterization of his motion, citing *Gray–Bey v. United States,* 209 F.3d 986, 990 (7th Cir.2000). Truss also asserts that his habeas petition should have been adjudicated on the merits.

We review de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir. 1999). Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish under the savings clause of § 2255 that his remedy is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. It is the prisoner's burden to prove that his remedy under § 2255 is inade-

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

quate or ineffective. *See Charles,* 180 F.3d at 756.

"[A]" district court presented with a petition for writ of habeas corpus under § 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under § 2255 also cannot proceed under § 2241...." *Gray–Bey,* 209 F.3d at 990. *Gray–Bey* is distinguishable from Truss's case, however, because the district court did not simply transfer Truss's petition as though it were a § 2255 motion, but decided the merits of whether Truss could meet the threshold for bringing a § 2241 petition. The district court then found that Truss's petition collaterally attacked his sentence, not the execution of his sentence; concluded that his petition should have been brought under § 2255; and dismissed his § 2241 petition because he had not shown that § 2255 was inadequate or ineffective to test the legality of his detention.

In *Charles,* this court concluded that the courts invoked the savings clause essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under AEDPA. *See Charles,* 180 F.3d at 756–57 (collecting cases). Thus far, the only circumstance in which this court has found § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. *Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir.2003).

Truss has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. He does not cite to an intervening change in the law which reflects that he may be actually innocent of his crimes. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, *see In re Davenport,* 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States,* 124 F.3d 361, 363, 378–80 (2d Cir.1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997), Truss has had multiple opportunities to challenge his conviction and sentence on his asserted grounds on appeal and in his two prior § 2255 motions to vacate.

Additionally, it is unclear whether and to what extent someone like Truss can show actual innocence in relation to his claims that challenge the imposition of his sentence. The Eleventh Circuit stated in *Wofford v. Scott,* 177 F.3d 1236 (11th Cir. 1999), that:

> The Seventh Circuit in *Davenport* suggested in dicta that the savings clause might apply to some claims involving a "fundamental defect" in sentencing where the petitioner had not had an opportunity to obtain judicial correction of that defect earlier. *See* 147 F.3d at 611. We need not decide whether the savings clause extends to sentencing claims in those circumstances, or what a "fundamental defect" in a sentence might be. It is enough to hold, as we do, that the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent.

*Id.* at 1244–45. Truss requests the court to consider his claims in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the Supreme Court held that, "any fact other than prior conviction that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 490.

The *Apprendi* rule is not retroactive to cases on collateral review. *In re Clemmons,* 259 F.3d 489, 493 (6th Cir.2001) (§ 2255 motion); *Perkins v. Thoms,* 23 Fed.Appx. 256 (6th Cir.2001) (§ 2241 petition). Moreover, the ruling in *Apprendi* may not serve as the basis for an actual-

innocence claim in an attempt to fit within the savings clause of § 2255. *Bannerman,* 325 F.3d at 723–24.

Finally, Truss's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. As the court explained in *Charles,* the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Charles,* 180 F.3d at 756–58. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See id.* at 758.

Accordingly, the district court's dismissal of Truss's § 2241 petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.