NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0291n.06

No. 11-6032

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOHN RANDALL FUTCH,                          )
                                             )
        Petitioner-Appellant,                )
                                             )
v.                                           )        ON APPEAL FROM THE UNITED
                                             )        STATES DISTRICT COURT FOR
J. C. HOLLAND, Warden,                       )        THE EASTERN DISTRICT OF
                                             )        KENTUCKY
        Respondent-Appellee.                 )

FILED

*Mar 13, 2012*

LEONARD GREEN, Clerk

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. John Randall Futch, a pro se federal prisoner, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He also moves for leave to proceed in forma pauperis.

In 2002, Futch pled guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, and mail fraud in violation of 18 U.S.C. § 1341. He was sentenced in the United States District Court for the Southern District of Georgia to a total of thirty months of imprisonment, to be served consecutively to a 240 month sentence imposed in a separate criminal case wherein he was convicted of a federal drug conspiracy. His convictions were affirmed on appeal. *See United States v. Futch*, 99 F. App'x 880 (11th Cir. 2004) (table).

Futch filed his instant section 2241 petition in the United States District Court for the Eastern District of Kentucky, arguing that he is actually innocent of the offenses to which he pled guilty. He contended that the search warrant issued in his case was sealed and remained sealed until after he was convicted. Therefore, he entered his plea without the benefit of knowing the contents

of the search warrant. The district court dismissed the petition because Futch failed to show how unsealing the search warrant established his actual innocence.

The denial of a petition for a writ of habeas corpus is reviewed de novo. *Bannerman v. Snyder*, 325 F.3d 722, 723 (6th Cir. 2003).

A motion to vacate filed under 28 U.S.C. § 2255 is the proper vehicle for claims challenging a conviction or the imposition of a sentence, while habeas relief under section 2241 is reserved for claims challenging the execution of a sentence. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). A prisoner may challenge a conviction under section 2241 only where there has been a change in the law that renders the prisoner actually innocent of the crime of conviction. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001). Futch has not cited to any change in the law that demonstrates his actual innocence. Therefore, the district court properly concluded that Futch did not raise a claim under section 2241.

The motion for in forma pauperis status is granted and the district court's order dismissing the petition is affirmed.